IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMER WILLIAM-WHITFIELD, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 21-4544 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH LEHIGH COUNTY | : | |
| PRISON CASE WORKER OR INTAKE | : | |
| PROCESS and LEHIGH COUNTY | : | |
| COURTHOUSE 72 HOUR REPORT | : | |
| OFFICE, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                    January 6, 2022

     The plaintiff is currently incarcerated in a Philadelphia jail awaiting trial on murder and related charges. He has filed this civil action pursuant to 42 U.S.C. § 1983 by using the court's preprinted form for use by prisoners seeking to assert civil rights violations. He has identified two defendants, which are sued in their official capacities only. The plaintiff also seeks leave to proceed *in forma pauperis*.

     As discussed below, the court will grant the plaintiff leave to proceed *in forma pauperis*. Nevertheless, the court must dismiss the complaint because (1) his claims against what appears to be a county court employee are barred by the Eleventh Amendment, (2) he has failed to state a plausible claim against the county prison case worker and, even if he did, the statute of limitations would bar any claim. The court notes that it appears that the plaintiff does attempt to assert a civil rights claim relating to an incident which occurred in 2021, but it appears that such a claim does not involve either of the named defendants. The court will grant the plaintiff leave to file an

amended complaint should he be able to identify a defendant who was personally responsible for the alleged incident in 2021.

## I.     ALLEGATIONS AND PROCEDURAL HISTORY

On October 13, 2021, the clerk of court docketed an application for leave to proceed *in forma pauperis* (the "IFP Application") and a complaint filed by the *pro se* plaintiff, Amer William-Whitfield ("William-Whitfield").[1] *See* Doc. Nos. 1, 2. Unfortunately, the allegations in the complaint are very difficult to comprehend. William-Whitfield attempted to use the court's form complaint for actions under 42 U.S.C. § 1983, and it lists numerous constitutional amendments and mentions a marshal's sale, "modification or redaction of personal identifiers calendar control," "operating procedures," and "antitrust" among a list of random sentence fragments. *See* Compl. at ECF p. 4, Doc. No. 2. He also mentions events allegedly occurring in 2015-2016 involving the Delaware County Sheriff picking him up from Lehigh County Prison after a "72 hour [f]ugitive of justice s[e]arch which arose [sic] claim." *Id.* He describes being treated at St. Luke's University Hospital ("St. Luke's") in 2013 and then waking up in jail. *Id.* Attached to the form complaint are additional handwritten pages containing sentence fragments apparently about a restitution judgment, *see* Doc. No. 2-1 at ECF pp. 2–3, the text of constitutional amendments, *see id.* at ECF pp. 4–8, and citations to statutes and court rules, *see id.* at ECF p. 10. He appears to also make allegations about cyber-attacks, reports of UFOs, and that food is causing him to suffer from mental health issues. *See id.* at ECF p. 12.

The handwritten pages also describe the 2013 events at St. Luke's in greater detail. William-Whitfield assert that in a 2013 criminal case, he was admitted to St. Luke's behavioral

---

[1] Although William-Whitfield did not submit a prisoner account statement in this case, he did do so in his other pending case, Civ. A. No. 21-4513. He appears to have intended to submit the statement in both that case and this one. In the order that the court will separately file, the court will direct the clerk of court to file the statement on the docket for this case.

health unit because he began to hit a wall and door. *See id.* at ECF p. 14. He was surrounded by guards, who grabbed him to stop him from yelling curses and hitting the wall. *See id.* He was then sedated with an injection and later woke up in jail. *See id.* He alleges that the St. Luke's staff did not want him to get in trouble or be taken to jail, and the hospital was not supposed to release him to jail. *See id.*

William-Whitfield goes on to state he "maxed out" his sentence in 2016 but, apparently, an additional detainer was illegally lodged against him in Delaware County. *See id.* at ECF p. 15. He claims that the Delaware County Sheriff violated his due process rights by picking him up from Lehigh County Prison in 2016. *See id.* Finally, on one handwritten page, William-Whitfield alleges that in September 2021 he was unlawfully restrained, and legal papers were put in a toilet because "the officers didn't want to give me any grievances." *Id.* at ECF p. 1. He claims that there is proof of this event on "camera view." *Id.*

## II.     DISCUSSION

### A.     The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)].  Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things,

3

that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that William-Whitfield is unable to prepay the fees to commence this civil action. Therefore, the court will grant him leave to proceed *in forma pauperis*.[2]

**B.**    **Standard of Review – Screening of Complaint Under 28 U.S.C. § 1915**

Because the court has granted William-Whitfield leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or

---

[2] As William-Whitfield is a prisoner, he must fully pay the filing fee in installments due to the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or

**(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is

frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*,

490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory."

*Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the

judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*,

Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a

complaint for failure to state a claim pursuant to this subsection is identical to the legal standard

used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See*

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to

dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise

a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must

liberally construe the allegations set forth in the complaint. *See Shorter v. United States*, No. 20-

2554, 2021 WL 3891552, at *5 (3d Cir. Sept. 1, 2021) ("At this early stage of the litigation, we

accept the facts alleged [in the *pro se*] complaint as true, draw all reasonable inferences in [the *pro*

se plaintiff's] favor, and ask only whether that complaint, liberally construed, . . . contains facts sufficient to state a plausible . . . claim." (citation, internal quotation marks, and all original alterations omitted)); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) ("We construe Vogt's pro se filings liberally. This means we remain flexible, especially 'when dealing with imprisoned pro se litigants' like Vogt." (internal citations omitted) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013))); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)). Yet, conclusory allegations will not suffice. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)).

Additionally, when construing a *pro se* plaintiff's complaint, the court will "'apply the relevant legal principle even when the complaint has failed to name it.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244). However, *pro se* litigants "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

## C.    Analysis

William-Whitfield appears to be seeking relief in this case under 42 U.S.C. § 1983. This statute provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color

6

of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

1.   **Official Capacity Claims Against Defendants, "Commonwealth Lehigh County Prison Case Worker or Intake Process" and "Lehigh County Courthouse 72 Hour Report Office"**

William-Whitfield has named as defendants, "Commonwealth Lehigh County Prison Case Worker or Intake Process" and "Lehigh County Courthouse 72 Hour Report Office." Each are named in their official capacities. Although not entirely clear, the court understands him to attempt to bring claims against unknown employees of Lehigh County Prison and the Lehigh County Court of Common Pleas. The exact nature of the claims he seeks to bring against these individuals, however, is entirely unclear. Neither claim will proceed past screening.

An official capacity claim against an employee of the Lehigh County Court of Common Pleas is, in essence, a claim against the Commonwealth of Pennsylvania. This is because the Court of Common Pleas is part of Pennsylvania's unified judicial system, and thus shares in the Commonwealth's Eleventh Amendment immunity.[3] *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal

---

[3] The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

court, *see* 42 Pa. C.S. § 8521–22; *see also Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that Pennsylvania has not waived Eleventh Amendment immunity), it and its departments, as well as their officials sued in their official capacities, are immune from suits filed in federal court. Accordingly, the official capacity claim against the "Lehigh County Courthouse 72 Hour Report Office" is dismissed.[4]

With regard to William-Whitfield's claims against the county case worker, the court notes that a plaintiff suing under section 1983 can assert claims against individuals in their individual and official capacities. Individual capacity claims under section 1983 "seek to recover money from a government official, as an individual, for acts performed under color of state law." *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988). Official capacity claims "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). That is because "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. "A judgment against a public servant 'in his official capacity' imposes liability on the entity that [the public servant] represents[.]" *Brandon v. Holt*, 469 U.S. 464, 471 (1985).

Based on the above, to plausibly assert a claim against the county case worker in this defendant's official capacity, William-Whitfield must include sufficient allegations that would allow for liability against the municipality which employs the individual defendants, namely, Lehigh County. *See Thomas v. City of Chester*, Civ. A. No. 15-3955, 2016 WL 1106900, at *2

---

[4] The Eleventh Amendment serves as "a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996).
As this dismissal based on Eleventh Amendment immunity is for lack of subject-matter jurisdiction, the dismissal is without prejudice even though William-Whitfield cannot reassert another official capacity claim for monetary relief against these defendants in this court. *See Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999) (agreeing that "a dismissal for lack of subject-matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice'" (citations omitted)).

(E.D. Pa. Mar. 21, 2016) ("A suit for damages against an individual municipal employee in his or her 'official capacity' is not cognizable unless the requirements of *Monell* are met." (citation omitted)); *see also McHugh v. Koons*, Civ. A. No. 14-7165, 2015 WL 9489593, at *9 (E.D. Pa. Dec. 30, 2015) ("An official capacity suit against a prosecutor is essentially a municipal liability claim against the District Attorney's Office[ ] pursuant to *Monell*."). To assert plausible claims against Lehigh County, William-Whitfield must allege that it has a policy or custom which caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694 ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Thus, William-Whitfield "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the applicable pleading standard. *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted).

A "policy" arises when a decision-maker possessing final authority issues an official proclamation, policy, or edict. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, a plaintiff must establish that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [the plaintiff's] injury." *Id.* (internal quotation marks and alterations omitted).

Regardless of whether a plaintiff is seeking to impose *Monell* liability for a policy or a custom, "it is incumbent upon a plaintiff to show that a policymaker is responsible either for the policy or, through acquiescence, for the custom." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990); *see also Bielevicz*, 915 F.2d at 850 (explaining that in both methods to obtain liability under *Monell*, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom").

> In addition,
>
> [t]here are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983. The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy." *Bryan County*, 520 U.S. at 417, 117 S.Ct. 1382 (Souter, J., dissenting). The second occurs where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself." *Id.* Finally, a policy or custom may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice is likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'" *Id.* at 417–18, 117 S.Ct. 1382 (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)); *see also Berg*, 219 F.3d at 276 (holding that plaintiff must "demonstrat[e] that the municipal action was taken with 'deliberate indifference' to its known or obvious consequences").

*Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (alterations in original) (internal footnote omitted).

Here, William-Whitfield does not include any allegations in the complaint indicating that he was injured due to a policy or custom of Lehigh County. As such, his official capacity claim against the county case worker is implausible and will be dismissed.[5]

---

[5] As all the allegations seemingly connected to this defendant occurred between 2013 and 2016, this dismissal will be with prejudice because, even if William-Whitfield had stated the elements of a plausible *Monell* claim, the claim

## 2.      Claims Based on 2021 Incident

As indicated above, William-Whitfield also alleges that, in September 2021, he was unlawfully restrained, and his legal papers were placed in a toilet because "the officers didn't want to give me any grievances." Doc. No. 2-1 at ECF p. 1. While neither of the named defendants appears to have any connection with this incident, the court cannot state at this time that William-Whitfield can never state a plausible claim based on this incident. Accordingly, the court will permit William-Whitfield the opportunity to file an amended complaint to name an appropriate individual defendant who was personally involved in a denial of his constitutional rights by these actions. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable).

## III.      CONCLUSION

For the foregoing reasons, the court will dismiss without prejudice William-Whitfield's official capacity claims against "Lehigh County Courthouse 72 Hour Report Office" because they are barred by the Eleventh Amendment. The court will also dismiss with prejudice William-Whitfield's claims against "Commonwealth Lehigh County Prison Case Worker or Intake Process" with prejudice because the claims are implausible and otherwise time-barred. The court will dismiss the complaint without prejudice to William-Whitfield filing an amended complaint to name a proper defendant who allegedly violated his civil rights.

---

would be untimely. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) ("A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint."); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (holding that timeliness of section 1983 claim is governed by two-year limitations period applicable to personal injury actions in Pennsylvania (citing 42 Pa. C.S. § 5524(2)); *see also Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) ("[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."); *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (explaining that district court ordinarily must grant leave to amend, even without plaintiff requesting leave to amend, "unless amendment would be inequitable or futile").

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.