IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMER WILLIAM-WHITFIELD, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 21-4544 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH LEHIGH COUNTY PRISON CASE WORKER OR INTAKE PROCESS and LEHIGH COUNTY COURTHOUSE 72 HOUR REPORT OFFICE, | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 6th day of January, 2022, after considering the application for leave to proceed *in forma pauperis* (Doc. No. 1), prisoner trust fund account statement, and complaint (Doc. No. 2) filed by the *pro se* plaintiff, Amer William-Whitfield ("William-Whitfield"); and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to docket in this case the institutional account statement William-Whitfield filed in Civil Action No. 21-4513 at Doc. No. 6;

2. The application for leave to proceed *in forma pauperis* (Doc. No. 1) is **GRANTED**, and William-Whitfield has leave to proceed *in forma pauperis*;

3. The plaintiff, # 1031719, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The court directs the Warden of the Curran-Fromhold Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to William-Whitfield's inmate account; or (b) the average monthly balance in William-Whitfield's inmate account for the

six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this order to the court with a reference to the docket number for this case. In each succeeding month when the amount in William-Whitfield's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the clerk of court equaling 20% of the preceding month's income credited to William-Whitfield's inmate account until the fees are paid. Each payment shall refer to the docket number for this case;

4. The clerk of court is **DIRECTED** to **SEND** a copy of this order to the Warden of the Curran-Fromhold Correctional Facility;

5. The complaint (Doc. No. 2) is **DEEMED** filed;

6. William-Whitfield's claims against the defendants, "Commonwealth Lehigh County Prison Case Worker or Intake Process" and "Lehigh County Courthouse 72 Hour Report Office" are **DISMISSED** as follows:

   a. To the extent that the plaintiff asserts official capacity claims against "Lehigh County Courthouse 72 Hour Report Office," the claims are **DISMISSED WITHOUT PREJUDICE** to the extent the Eleventh Amendment bars the claims; and

   b. To the extent that the plaintiff asserts official capacity claims against "Commonwealth Lehigh County Prison Case Worker or Intake Process," the claims are **DISMISSED WITH PREJUDICE**

7. The clerk of court is **DIRECTED** to **TERMINATE** "Commonwealth Lehigh County Prison Case Worker or Intake Process" and "Lehigh County Courthouse 72 Hour Report Office" as defendants;

8. The complaint is **DISMISSED WITHOUT PREJUDICE** for the failure to state a claim;

9. William-Whitfield may file an amended complaint within **thirty (30) days** of the date of this order. Any amended complaint **must** identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for William-Whitfield's claims against each defendant. The amended complaint **must** also provide as much identifying information for any defendants as possible. William-Whitfield may refer to a defendant by last name only if that is the only identifying information he possesses. If William-Whitfield wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.[1] The amended complaint shall be a complete document that does not rely on the initial complaint or other papers filed in this case to state a claim. When drafting his amended complaint, William-Whitfield should be mindful of the court's reasons for dismissing the claims in his initial complaint as explained in the court's memorandum opinion. Upon the filing of an amended complaint, the clerk of court shall not make service until so ordered by the court;

10. The clerk of court is **DIRECTED** to send William-Whitfield a blank copy of the court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. William-Whitfield may use this form to file his amended complaint if he chooses to do so;[2]

11. If William-Whitfield does not wish to amend his complaint and instead intends to stand on his complaint as originally pleaded, he may file a notice with the court within **thirty (30)**

---

[1] Without the name of at least one individual or entity, however, the court may be unable to direct service of any amended complaint that William-Whitfield may file.
[2] This form is available on the court's website at: https://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

**days** of the date of this order stating that intent, at which time the court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case;[3] and

12.    If William-Whitfield fails to file any response to this order, the court will conclude that he intends to stand on his complaint and will issue a final order dismissing this case.[4]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[3] *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

[4] *See Weber*, 939 F.3d at 239–40 (explaining that plaintiff's intent to stand on complaint may be inferred from inaction after issuance of order directing plaintiff to take action to cure defective complaint). The court also notes that the six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See id.* at 241 n.11 (treating "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with court's order, which require assessment of *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).