IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMER WILLIAM-WHITFIELD, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 21-4544 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH LEHIGH COUNTY PRISON, JUDGE ROBERT L. STEINBERG, and LEHIGH COUNTY P.D., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 4th day of March, 2022, after considering the amended complaint filed by the *pro se* plaintiff, Amer William-Whitfield ("William-Whitfield") (Doc. No. 10) and his separately filed documents (Doc. No. 9); and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to **AMEND** the caption of the case to reflect the following defendants: Judge Robert L. Steinberg, "Lehigh County Prison/Courthouse Commonwealth Steinberg Robert L," Alexandra Kilvert French, Mark Adam Merdinger, Jeffrey Scott Dimmig, Magisterial District Judge Patricia M. Engler, Sgt. Froster, and C/O Crawford;

2. The amended complaint (Doc. No. 10) is **DISMISSED** as follows:

    a. All individual capacity claims against the defendants, Judge Robert L. Steinberg and Magisterial District Judge Patricia M. Engler, are **DISMISSED WITH PREJUDICE**;

b.	All official capacity claims against the defendants, Judge Robert L. Steinberg and Magisterial District Judge Patricia M. Engler, are **DISMISSED WITHOUT PREJUDICE**;

c.	All individual and official capacity claims against the defendant, Alexandra Kilvert French, are **DISMISSED WITH PREJUDICE**;

d.	All claims against the defendant, Mark Adam Merdinger, are **DISMISSED WITH PREJUDICE**;

e.	All claims against the defendant, Jeffrey Scott Dimmig, are **DISMISSED WITH PREJUDICE**;

f.	All claims against "Lehigh County Prison/Courthouse Commonwealth Steinberg Robert L," to the extent they are claims against the Lehigh County Jail or Lehigh County Courthouse, are **DISMISSED WITH PREJUDICE**;

g.	All claims against "Lehigh County Prison/Courthouse Commonwealth Steinberg Robert L," to the extent they are claims against the Commonwealth of Pennsylvania, are **DISMISSED WITHOUT PREJUDICE**;

h.	All claims against the defendant, Sgt. Froster, are **DISMISSED WITHOUT PREJUDICE**;

i.	All claims against the defendant, C/O Crawford, are **DISMISSED WITHOUT PREJUDICE**;

3.	The clerk of court is **DIRECTED** to **TERMINATE** Judge Robert L. Steinberg, "Lehigh County Prison/Courthouse Commonwealth Steinberg Robert L," Alexandra Kilvert French, Mark Adam Merdinger, Jeffrey Scott Dimmig, and Magisterial District Judge Patricia M. Engler as defendants in this matter;

4. William-Whitfield may file a second amended complaint within **thirty (30) days** of the date of this order to attempt to assert a plausible excessive force claim or interference with mail claim. Any second amended complaint **must** identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for William-Whitfield's claims against each defendant. William-Whitfield may **not** reassert a claim against a defendant that has already been dismissed with prejudice. The second amended complaint **must** also provide as much identifying information for the defendants as possible. William-Whitfield may refer to a defendant by last name only if that is the only identifying information possessed. If William-Whitfield wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.[1] The second amended complaint **shall be a complete document** that does not rely on the initial complaint, amended complaint, or other papers filed in this case to state a claim. When drafting his second amended complaint, William-Whitfield should be mindful of the court's reasons for dismissing the claims in his amended complaint as explained in the court's memorandum opinion. Upon the filing of a second amended complaint, the clerk shall not make service until so ordered by the court;

5. The clerk of court is **DIRECTED** to **SEND** William-Whitfield a blank copy of the court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. William-Whitfield may use this form to file his second amended complaint if he chooses to do so;[2]

---

[1] Without the name of at least one individual or entity, the court may be unable to direct service of any amended complaint that William-Whitfield may file.
[2] This form is available on the court's website at https://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

6.     If William-Whitfield does not wish to amend his complaint and instead intends to stand on his complaint as originally pleaded, he may file a notice with the court within **thirty (30) days** of the date of this order stating that intent, at which time the court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case;[3] and

7.     If William-Whitfield fails to file any response to this order, the court will conclude that he intends to stand on his complaint and will issue a final order dismissing this case.[4]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[3] *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1995) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

[4] *See Weber*, 939 F.3d at 239–40 (explaining that plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of order directing him to take action to cure defective complaint). The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with court order, which require assessment of *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).